```
                                        FILED
                                      07 DEC 14 PM 12:52
                                   CLERK, U.S. DISTRICT COURT
                                 SOUTHERN DISTRICT OF CALIFORNIA

                                 BY:  _____  DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBBYN LESLIE HORNE,<br><br>    Defendant. | Criminal Case No. 07-MJ-2494-POR<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on November 2, 2007, to determine whether Robbyn Leslie Horne ("the Defendant") should be held in custody pending trial, on the grounds that she is a risk of flight. Assistant United States Attorney W. Mark Conover appeared on behalf of the United States. Gerald Wasson, appeared on behalf of the Defendant. Based on the evidence proffered by the United States and by the defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following information establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

//
//
//
//

## I.

## FINDINGS OF FACT

**A.** <u>**Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))**</u>

1. The defendant is charged in a Criminal Complaint with one count of knowingly and intentionally importing approximately 9.71 kilograms of methamphetamine, a Schedule II Controlled Substance, and 5.68 kilograms of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

2. The offense charged carries a mandatory minimum penalty of ten years imprisonment, and a maximum penalty of life imprisonment. Thus, the presumption under 18 U.S.C. § 3142(e) that the defendant should be detained is applicable.

**B.** <u>**Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))**</u>

1. Probable cause exists that the defendant committed the instant offense.

2. The Defendant was the driver and claimed owner of the vehicle found to contain approximately 9.71 kilograms of methamphetamine, and 5.68 kilograms of cocaine.

**C.** <u>**History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))**</u>

1. The Defendants has a long history of drug and alcohol abuse.

2. The Defendant's has recent failures to appear, probation violations, and a current probation hold.

3. The Defendant is a United States Citizen.

4. Defendant's family ties are primarily in the United States.

## II.

## REASONS FOR DETENTION

**A.** There is probable cause to believe that the defendant committed the offense charged in the Criminal Complaint, namely, knowingly and intentionally importing approximately 9.71 kilograms of methamphetamine, a Schedule II Controlled Substance, and 5.68 kilograms of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

  B. The Defendant was the driver and claimed owner of the vehicle found to contain approximately 9.71 kilograms of methamphetamine and 5.68 kilograms of cocaine.

  C. The Defendant knew there were narcotics in the vehicle.

  D. The Defendant had smuggled drugs in the past.

  E. The Defendant is facing a potential sentence of 20 years to life in prison.

  F. The Defendant has a history of drug abuse.

  G. The Defendant has a history of failures to appear, probation violations, and has a current probation hold.

  H. The Defendant's United States citizenship and family ties do not outweigh the other factors, listed supra, which establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required, and favor detention in this case.

### III.

### ORDER

IT IS HEREBY ORDERED that the defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 12/13/07

The Honorable Louisa S. Porter
United States Magistrate Judge